# Eureka Lumber Co. v. Brown *et al.*

### Statutory Action of Ejectment.

1. *Execution of sheriff's deed; must be either attested or acknowledged.* A sheriff's deed, which is neither attested nor acknowledged, though properly subscribed by the sheriff, is under the statute, (Code, §§ 1789, 1790), not a legal conveyance, but is a mere agreement to convey.

2. *Ejectment; equitable interest not recoverable.*—Where in an action of ejectment the undisputed evidence shows that the defendant only has an equitable interest in the land sued for, the plaintiff can not recover; since an equitable interest in lands is not recoverable in an action of ejectment.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was a statutory action of ejectment, brought by the Eureka Lumber Company against J. H. Brown, to recover a certain specifically described lot in the city of Birmingham, with a house situated thereon ; and was commenced on December 15, 1892. On motion of Benjamin F. Brown, reciting that J. H. Brown, the defendant in said cause, was in possession of the property sued for, as the tenant of Benjamin F. Brown, the said B. F. Brown was made a party defendant. To this ruling the plaintiff duly excepted.

The plaintiff based its title to the property, and its right to recover in the present action, upon a deed from the sheriff of Jefferson county conveying to it the property sued for. This deed was executed under the following circumstances : The Eureka Lumber Co. brought an action against J. H. Brown and O. M. Stansell to enforce a material man's lien on the house in controversy,

for material which was furnished to the contractor, O. M. Stansell, who was building the house, under contract with J. H. Brown, and for which material the Eureka Lumber Company was never paid. Judgment was recovered in this suit by the Eureka Lumber Company, and the lien declared in its favor, and the property was ordered to be sold for the satisfaction of said lien. Execution was accordingly issued, and the house and lot in controversy were sold as the property of J. H. Brown, and bought at said sale by the Eureka Lumber Company. In accordance with this sale and purchase, the sheriff of Jefferson county executed the deed above referred to, conveying to the Eureka Lumber Company "all the legal right, title, interest and claim which the said J. H. Brown had and held in and to" the property bought at said sale, and sued for in this action. This deed by the sheriff was never attested or acknowledged. The record of the proceedings in the suit to enforce the material man's lien, and the deed of the sheriff, were introduced in evidence.

The testimony for the defendant was to the effect that B. F. Brown was the owner of the property in controversy, and J. H. Brown had no interest, claim or title to said property, and that B. F. Brown had never parted with the title to said property.

The cause was tried without the intervention of a jury; and, upon the introduction of all the evidence, the court rendered judgment for the defendant. The plaintiff now appeals, and assigns as error, the rendition of said judgment for the defendant.

W. M. BETHEA, for appellant.—1. The title of a tenant at will may be sold in pursuance of a mechanic's lien and a recovery had therefor.—Phil. Mech. Liens, par. 194, p. 328; *Turney v. Saunders*, 5 Ill. 527; Phil. Mech. Liens, par. 83, p. 151, §§ 3018, 3043; *Ombony v. Jones*, 19 N. Y. 234.

2. A party in possession is presumed to have an interest in land, which can be charged by lien.—Phil. Mech. Liens; *Horton v. Carlisle*, 2 Disney (Ohio) 184. J. H. Brown was estopped by his acts in reference to the land in question from denying he had an interest in the land which might be charged before the former suit.— Phil. Mech. Liens, par. 194; *Turney v. Saunders*, 5 Ill. 527.

3.   After a lien is adjudged against property, parties and their privies are estopped from litigating everything at issue in former trial; it to them is *res adjudicata*.— Phil. Mech. Liens, par. 395, p. 640; *State of Iowa v. Eads*, 15 Iowa 114; *Howard v. Robinson*, 59 Mass. 119.

WADE & VAUGHAN, *contra*.

HEAD, J.—Statutory real action by the appellant. It claims title only by virtue of a sheriff's deed purporting to convey to it all the right, title and interest in the premises of the defendant, J. H. Brown.   The judicial proceedings leading up to this deed all appear to have been regular and properly introduced; but, fatal to any recovery by the plaintiff in this action, the execution of the deed was neither attested nor acknowledged.   It was merely subscribed by the sheriff, and was, therefore, not a legal conveyance.—Code, §§ 1789, 1790, and authorities there cited.   It was nothing more than an agreement to convey.   Authorities *supra*.

We have, however, looked into the whole case, and find, without stating the particulars, that if J. H. Brown had any interest in the premises which was condemned by the judgment in the proceeding to enforce a material man's lien, and sold under the execution, it was, under the undisputed evidence, an equitable interest only, not recoverable in an action of ejectment.

Affirmed.